Michael Edmund Burke
Attorney at Law
CSB #98925
105 West F Street, 4th Floor
San Diego, CA 92101
Telephone:(619) 234-2503

Attorneys for Defendant, LORI STAUFFER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE LARRY A. BURNS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LORI STAUFFER,<br><br>Defendant. | Case No.: 07-CR-3355-LAB<br><br>Date: 03/17/2008<br>Time: 2:00 p.m.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT <u>OF DEFENDANT'S MOTIONS</u> |

Defendant, LORI STAUFFER, by and through counsel, Michael Edmund Burke, hereby submits the following memorandum of points and authorities in support of her motions.

//

//

//

//

//

//

I

## LORI STAUFFER'S CASE SHOULD BE SEVERED

**1. LORI STAUFFER may be denied access to co-defendant exculpatory testimony.**

LORI STAUFFER's co-defendant may offer exculpatory testimony for LORI STAUFFER at a separate trial, but will likely assert his/her Fifth Amendment right to remain silent if both defendants are tried together. Upon filing of an affidavit to this effect, LORI STAUFFER is entitled to severance of her case from that of her co-defendant. United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977); United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). LORI STAUFFER reserves the right to provide the Court with an affidavit which satisfies the requirements of Vigil, and thus supports the granting of a severance.

Even if a co-defendant would not voluntarily testify at his separate trial, LORI STAUFFER has a constitutional right to call him as a witness. If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, LORI STAUFFER can seek to compel that testimony by requesting immunity as to statements in court. At that time, LORI STAUFFER could seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. § 6003(b)(1). Such use of this statute is compelled by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness. See United States v. Leonard, 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon).

If statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because LORI STAUFFER would be "prevented from presenting exculpatory evidence which is crucial to [her] case." Government of the Virgin Islands v. Smith, 615 F.2d 964, 969-70 (3d Cir. 1980); see United States v. Alessio, 528 F.2d 1079 (9th Cir. 1976). LORI STAUFFER's rights to

compulsory process and to due process of law entitle her to a separate trial if the co-defendant refuses to testify at a joint trial.

In the instant case, the discovery reveals that codefendant MARK NEEL confessed to alien smuggling, but did not implicate Ms. Stauffer in the smuggling venture. BATE #18; Report of Investigation, 11/14/2007 Ms. Stauffer would like to introduce the exonerating testimony of Mr. Neel at her trial. In a joint trial, however, her right to call him as an exonerating witness would conflict with his 5th Amendment right to remain silent throughout the trial. Therefore, Mr. Stauffer is entitled to a severance.

II

**THE TRIAL OF LORI STAUFFER SHOULD BE SEVERED FROM THE TRIAL OF THE OTHER CO-DEFENDANT IN THIS CASE PURSUANT TO RULE 14 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Rule 14 of the Federal Rules of Criminal Procedure provides relief from prejudicial joinder as follows:

> "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or information or by such joinder for trial together, the court may order the election of separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.---"

If the co-defendant in a joint trial has made a confession and another co-defendant and the prosecution seeks to use the confession, the non-confessing defendant has the right to exclusion of the confession, severance or redaction to avoid mention or implication of him. The introduction of the co-defendant's confession violates the non-confessing defendant's right of confrontation and cross-examination. Bruton v. United States, 391 U.S. 123 (1968).

In the instant case, codefendant MARK REED, as discussed earlier, did not

implicate Ms. Stauffer. The defense, however, has not viewed the videotaped post arrest statement of MARK NEEL. If it is discovered that Mr. Neel did implicate Ms. Stauffer, then a severance would be mandatory pursuant to Bruton, supra or, alternatively, exclusion of the codefendant's confession. The U.S. Supreme Court followed Bruton, supra, in Lilly v. Virginia, 527 U. S. 116 (1999).

Similarly, and alternatively, if each of the defendants' post arrest statements apparently implicated *both* defendants, severance would also be mandatory based on the inevitable antagonistic defenses pursuant to United States v. Mayfield, 189 F.3rd 895 (9th Cir. 1999).

Finally, severance should, as an additional alternative, be based on the prejudicial spill-over effect would inevitably occur in a joint trial. Mr. Neel admitted that he made the plans which led to the pending prosecution. If the prior criminal record of Mr. Neel is not excluded at the *in limine* motions hearing, then Mr. Srauffer would be the victim of the prejudicial spill-over which would inevitably result in a joint trial.

III

**ANY STATEMENTS MADE BY LORI STAUFFER**

**SHOULD BE SUPPRESSED**

A. **The Government Must Demonstrate Compliance With Miranda**.

**1. Miranda Warnings Must Precede Custodial Interrogation.**

The Supreme Court has held that the prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324,

327 (1969).

A suspect will be held to be in custody if the actions of the interrogating officers and the surrounding circumstances, fairly construed, would reasonably have led him to believe he could not freely leave. See United States v. Lee, 699 F.2d 466, 468 (9th Cir. 1982); United States v. Bekowies, 432 F.2d 8, 12 (9th Cir. 1970). In determining whether a person is in custody, the factors to be weighed are the language used to summon him, the physical surrounding of the interrogation, the extent to which he is confronted with evidence of his guilt. United States v. Estrada-Lucas, 651 F.2d 1261 (9th Cir. 1980).

Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the Miranda requirement at a customs inspection, not only must probable cause exist but also a person must reasonably believe that he is not free to leave). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 484 (1981).

**2. The Government Must Demonstrate That LORI STAUFFER'S Alleged Waiver Was Voluntary, Knowing, and Intelligent.**

When interrogation continues without the presence of an attorney, and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant intelligently and voluntarily waived his privilege against self-incrimination and her right to retained or appointed counsel. Miranda, 384 U.S. at 475. It is undisputed that a waiver of the right to remain silent and the right to counsel must be made knowingly, intelligently, and voluntarily in order to be effective. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). The standard of proof for a waiver of this

constitutional right is high. Miranda, 384 U.S. at 475. See United states v. Heldt, 745 F.2d 1275, 1277 (9th Cir. 1984) (the burden on the government is great, the court must indulge every reasonable presumption against waiver of fundamental constitutional rights).

The validity of the waiver depends upon the particular facts and circumstances surrounding the case, including the background, experience, and conduct of the accused. Edwards v. Arizona, 451 U.S. 477, 472 (1981); Johnson v. Zerbst, 304 U.S. 458, 464 (1983). See also United States v. Heldt, 745 F.2d at 1277; United States v. McCrary, 643 F.2d 323, 328-29 (9th Cir. 1981).

In Derrick v. Peterson, 924 F.2d 813 (9th Cir. 1990), the Ninth Circuit confirmed that the issue of the validity of a Miranda waiver requires a two prong analysis: the waiver must be both (1) voluntary and (2) knowing and intelligent. Id. at 820. The voluntariness prong of this analysis "is equivalent to the voluntariness inquiry under the [Fifth] Amendment . . . ." Id. See infra pages 10-11.

The second prong, however, requiring that the waiver be "knowing and intelligent," mandates an inquiry into whether "the waiver [was] made with a full awareness both of the nature of the right being abandoned and the consequences of the decision to abandon it." Id. at 820-21 (quoting Colorado v. Spring, 479 U.S. 564, 573 (1987)). This inquiry requires that the court determine whether "the requisite level of comprehension" existed before the purported waiver may be upheld. Id. Thus, "[o]nly if the `totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Id. (quoting Colorado v. Spring, 479 U.S. at 573) (emphasis in original) (citations omitted)).

Unless and until Miranda warnings and a knowing and intelligent waiver are demonstrated by the prosecution, no evidence obtained as result of the interrogation can be used against the defendant. Miranda, 384 U.S. at 479. The government in

the present case has the burden of proving that LORI STAUFFER was read his Miranda rights and intelligently and voluntarily waived those rights in all situations in which LORI STAUFFER reasonably believed that he was not free to leave. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980).

**B. LORI STAUFFER'S Statements Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if her conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387 (1964). The government bears the burden of proving that a confession is voluntary by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972).

In order to be voluntary, a statement must be the product of a rational intellect and free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973). Some factors taken into account have included the youth of the accused, her lack of education, her low intelligence, the lack of any advice to the accused of her constitutional rights, the length of the detention, the repeated and prolonged nature of the questioning, and the use of physical punishment such as the deprivation of food or sleep. Id.

A confession is deemed involuntary whether coerced by physical intimidation or psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1962). "The test is whether the confession was `extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S. 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord, United States v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981).

## VI

## JOINDER IN CODEFENDANT'S MOTIONS

LORI STAUFFER has previously joined in the codefendant's motions, and continues to joins in any additional motions to be filed by codefendant.

Respectfully submitted,

*S/Michael Edmund Burke*

Dated: February 24, 2008

Michael Edmund Burke,
Attorney for Defendant,
LORI STAUFFER